IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00285-BO

| | |
|---|---|
| SHAWANNA BATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND** |
| ) | **MEMORANDUM AND** |
| WAFFLE HOUSE and MR. LOU, ) | **RECOMMENDATION** |
| ) | |
| Defendants. ) | |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and her application is allowed.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, a court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff alleged in her complaint that she was discriminated against and terminated from her employment at the Waffle House because of her race, "Black and I[n]dian-Moocha," in violation of Title VII of the Civil Rights Act of 1964. Pl.'s Compl. ¶ 4 [DE1-1]. She specifically alleged that Defendant Mr. Lou, a district manager with Waffle House, falsely accused her of stealing boxes and directed a racial slur at her when he terminated her employment. *Id.* ¶ 9. Plaintiff appears to have exhausted her administrative remedies and

initiated suit in federal court within the time allowed under the law. Therefore, dismissal of Plaintiff's Title VII claim against Waffle House is not appropriate at this time. However, Title VII does not provide for individual liability. *See McQuade v. Xerox Corp.*, No. 5:10-CV-149-FL, 2011 WL 344091, at *5 (E.D.N.C. Feb. 1, 2011) ("[T]he Fourth Circuit has explicitly rejected individual liability under [Title VII].") Therefore, the undersigned recommends that Mr. Lou be dismissed from the case.

Accordingly, the court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and finds that Plaintiff's complaint survives frivolity review against Waffle House. However, it is **RECOMMENDED** that Mr. Lou be dismissed from the case.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 21st day of June, 2011.

DAVID W. DANIEL
United States Magistrate Judge