IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-285-BO

| | |
|---|---|
| SHAWANNA LATOYA BATTS, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAFFLE HOUSE AND MR. LOU, )<br>Defendants. )<br>_____ ) | O R D E R |

This matter is before the Court on the Memorandum and Recommendation ("M & R") of United States Magistrate Judge David W. Daniel [DE 3] regarding Plaintiff's motion to proceed *in forma pauperis* [DE 1] and for frivolity review pursuant to 28 U.S.C. § 1915 (e)(2)(B). The Court ADOPTS the M & R. Therefore, the Court ALLOWS Plaintiff to proceed *in forma pauperis* and DISMISSES Plaintiff's Complaint against Mr. Lou.

## BACKGROUND

On June 3, 2011, Shawanna Latoya Batts commenced this employment discrimination suit against Waffle House and Mr. Lou [DE 1-1]. Ms. Batts alleged that she was improperly terminated and discriminated against because of her race, in violation of Title VII of the Civil Rights Act of 1964 [DE 1-1 at 2-3]. Ms. Batts was employed by Waffle House from October 20, 2010 until November 20, 2010. On November 20, 2010, she alleged that Mr. Lou, her district manager, accused her of stealing meat boxes and directed a racial slur at her while terminating her employment [DE 1-1 at 4-5].

## DISCUSSION

The Court adopts the M & R because Ms. Batts has not made any objection to it and

because the M & R is not clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(B). A district court is only required to review an M & R *de novo* if the plaintiff specifically objects to it or in cases of plain error. *Id.*; *Thomas v. Arn* 474 U.S. 140, 149-50 (1985). In this case, the Magistrate Judge committed no plain error and Ms. Batts did not object to the M & R.

In making a frivolity determination, a court may designate a magistrate judge to submit proposed findings of fact and recommendations. 28 U.S.C. § 636 (b)(1)(B). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Magistrate Judge properly found that Ms. Batts' claim against Mr. Lou must be dismissed because the Fourth Circuit has held that supervisors cannot be held liable in their individual capacities for violations of Title VII of the Civil Rights Act of 1964. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). On the contrary, Ms. Batts' suit against Waffle House is permitted to proceed because she appears to have exhausted her administrative remedies and initiated suit in federal court within the time permitted by law. Further, Ms. Batts is permitted to proceed *in forma pauperis* because she has demonstrated sufficient evidence of her inability to pay the required court costs.

## CONCLUSION

The Court ADOPTS the Magistrate Judge's recommendations [DE 3]. Plaintiff's motion to proceed *in forma pauperis* is ALLOWED, but Plaintiff's claim against Mr. Lou is DISMISSED.

SO ORDERED.

This 24 day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE